# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-02739 |
| ) | |
| UNITED AIRLINES INC. formerly known as ) | Judge Sharon Johnson Coleman |
| Continental Airlines, and ) | |
| CONTINENTAL PILOTS RETIREMENT PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Shannon ("Shannon") filed a three-count complaint against United Airlines Inc. ("United"), formerly known as Continental Airlines, Inc. ("Continental"), and Continental Pilots Retirement Plan (the "Plan") (together "Defendants") alleging violations of the Employee Retirement Income Security Act ("ERISA") under 29 U.S.C. § 1132 (a)(1)(B) (Count I), § 1132(a)(3) (Count II), and § 1132(c)(1) (Count III).[1] Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants the motion and dismisses the complaint.

**Background**

Plaintiff Shannon is a former Continental pilot who retired from the company in 2007 after 23 years of service. During his employment, Shannon was a member of a union, the Air Line Pilots Association ("ALPA"). ALPA negotiated the terms of his employment and employee benefits, including a collective bargaining agreement between Continental and ALPA dated April 1, 2005 to December 31, 2008 (the "CBA"). Among the benefits ALPA negotiated

---

[1] Shannon identifies his claims under separately numbered sections, but does not identify them by counts. The Court assigns counts for ease of reference in resolving the instant motion.

was a defined benefit pension plan that would pay retired pilots a monthly annuity for life. These benefits were provided for by the Plan which was incorporated into the CBA and administered by Continental. Shannon participated in the Plan.

The Plan provides that a pilot's pension will be a percentage of his Final Average Compensation, defined as the average of the participant's highest 60 consecutive completed calendar months of compensation received in the last 120 months while in Credited Service. Credited Service years are those in which a pilot earns 2,000 hours of service. When the Plan went into effect in April 2005, Continental recognized that a pilot was in Credited Service while on leave.

Continental terminated the Plan in 2005 and froze benefits as of May 31, 2005. In June 2005, Continental and the Plan gave each pilot an individual benefits statement as of the freeze date which listed the data used to determine the pilot's frozen annuity benefit payable at age 60, as well as the calculation of that benefit. Those benefits statements included the periods when a pilot took leave within the 60 consecutive months considered to calculate Final Average Compensation and the resulting annuity. At some point thereafter, Continental began interpreting the Plan to treat periods of leave as interruptions to a pilot's continuous Credited Service. Continental and the Plan told the pilots that periods of leave would not be included in years of Credited Service upon their retirement.

Shannon's June 2005 benefit statement showed an accrued monthly benefit of $4,192.25, which was calculated including a three-month period of leave in 2002. Upon retirement in 2007, his Final Average Compensation period was calculated as to exclude this period of leave and his monthly annuity is $3,761.59.

In May 2010, Shannon along with three other retired Continental pilots, Edward Ballew,

Craig Bowcock, and William Bauer (the "Retirees"), filed a class action complaint in the Southern District of Texas against Continental and the Plan, *Ballew v. Continental Airlines, Inc.*, No. H-10-1699 (S.D. Tex.) ("*Ballew*"). Each of the pilots was a named plaintiff. The Retirees each asserted a claim under § 1132(a)(1)(B) to recover benefits due as a result of Continental's "reinterpretation" of the Plan. Prior to filing suit, Mr. Ballew, acting for the Retirees and the proposed class, sought review of the adverse benefit determination before Continental's Retirement Board, an established System Board under the Railway Labor Act ("RLA"). The Retirement Board issued a unanimous decision rejecting his interpretation of the Plan. The district court considered this decision and in March 2011 dismissed the Retirees claims for lack of jurisdiction, holding that the RLA applied to the Retirees and that the RLA provides for exclusive jurisdiction to the administrative resolution process. The Retirees appealed and in January 2012, the Fifth Circuit affirmed the district's court's dismissal.

In June 2013, Shannon wrote to Defendants[2] explaining why he should be entitled to benefits based on calculations done prior to Continental's reinterpretation. In December 2013, he received a letter from the United Retirement Benefit Appeals Committee stating that it had made an adverse benefit determination and that "the Committee acknowledges that a court may allow Mr. Shannon to bring suit under section 502(a) of ERISA in this situation." (Compl. ¶ 52.) In February 2014, Shannon sent the Appeals Committee a letter requesting a copy of the administrative record regarding his claim determination. Shannon then filed the present complaint against Defendants.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party

---

[2] While *Ballew* was pending, United, Continental and others merged to form one legal entity now operating as defendant United Airlines, Inc.

asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). "On a motion to dismiss for lack of subject matter jurisdiction, the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). However, when reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Counts I and II

In Count I Shannon asserts a claim under § 1132(a)(1)(B) alleging he is entitled to the full benefits he was promised under the terms of the Plan prior to Defendants' "reinterpretation." In Count II, he brings a claim under § 1132(a)(3) alleging Defendants breached their fiduciary duties when they recalculated his retirement annuity resulting in a downward adjustment of his pension benefits. He seeks an injunction ordering Defendants to apply the Plan interpretation affording him the full benefits he was promised and to pay him the balance owed. Defendants argue that both claims should be dismissed because Shannon is collaterally estopped from re-

4

litigating the issue of federal court jurisdiction, specifically, whether the RLA precludes any judicial remedy.

The doctrine of collateral estoppel bars re-litigation of issues that were actually and necessarily decided in prior litigation between the parties, regardless of whether the two suits are based on the same cause of action. *Matter of Vitreous Steel*, 911 F.2d 1223, 1234 (7th Cir. 1990). "Once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158, 104 S. Ct. 568, 78 L.Ed.2d 379 (1984). For collateral estoppel to apply, (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011). "A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue." *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000).

Defendants contend that the jurisdictional issue decided in *Ballew* has preclusive effect on Shannon's current claims. The parties are the same as in *Ballew* and a final judgment was reached when the Fifth Circuit affirmed the district court's dismissal of Shannon's § 1132(a)(1)(B) claim for lack of subject matter jurisdiction. In *Ballew*, the parties briefed the jurisdictional issue and Shannon was represented by counsel. The issues presented on appeal were, "(1) whether the RLA applies to Retirees as "employees" under the Act; and (2) whether, despite the RLA's exclusive arbitration procedures, Retirees may seek judicial review of adverse Retirement Board determinations." *Ballew v. Continental Airlines*, 668 F.3d 777, 781 (5th Cir.

5

2012).

The Fifth Circuit held that retirees like Shannon are employees under the RLA. The *Ballew* decision further explained that the RLA requires minor disputes that cannot be settled through internal grievance procedures to be resolved through a mandatory, exclusive, and comprehensive resolution process before a claims adjustment board established by the employee's union and the employer through the CBA. As the court explained, "minor" disputes are those that can be resolved by interpreting the existing CBA. *Id.* at 783. The pension claims for recalculation of benefits brought by Shannon and the other plaintiffs were undisputedly grounded in the CBA and required interpretation of the agreement. Since their claims were minor disputes, they were subject to the RLA's mandatory, exclusive dispute resolution process which precludes judicial review. *Id.* at 785, 787. Accordingly, Shannon's § 1132(a)(1)(B) claim was dismissed for lack of subject matter jurisdiction.

Collateral estoppel applies here and bars re-litigation of the jurisdictional issue decided in *Ballew*. Here, Shannon brings under two separate ERISA provisions the same denial of benefits claim dependent on the same Retirement Plan and CBA as issue in *Ballew*. Contrary to Shannon's argument, his § 1132(a)(3) claim is a minor dispute which can be resolved by interpreting the CBA. Indeed, it mirrors his § 1132(a)(1)(B) claim dismissed in *Ballew* in that he alleges Defendants misinterpreted his pension benefits and asks the Court to "correct" the interpretation and award him the benefits he is due. Shannon even argues that he wants the Court to "reform the plan." This is precisely the type of plan-dependent minor dispute that the Fifth Circuit evaluated and decided was not within the purview of federal jurisdiction. *Id.* at 787.

Shannon contends that the Appeals Committee's acknowledgment that a court may allow him to bring an ERISA claim somehow confers jurisdiction here. But the *Ballew* decision

6

addressed this point when determining the jurisdictional issue. The court determined that even though the union and employers contemplated judicial review of adverse benefit claims when the CBA was written, the RLA still governed because the parties could not contract around the RLA's exclusivity. Moreover, nothing in the CBA ceded jurisdiction of disputes from the Retirement Board. Thus, despite the parties' agreement to allow employees to seek judicial review, they could not contract to confer subject matter jurisdiction on the federal courts. Therefore, the Appeals Committee's acknowledgment that Shannon could pursue an ERISA action does not alter the preclusive effect of the RLA or confer subject matter jurisdiction on this Court. *See Ballew*, 668 F.3d at 785-86, 777. Shannon is accordingly estopped from pursuing his pension claims before this Court because the issue of subject matter jurisdiction has already been decided against him.

Shannon's reliance on *Carlson* to support subject matter jurisdiction for his § 1132(a)(1)(B) and (a)(3) claims is misplaced. His argument that under *Carlson* a claimant has a right to bring an action under ERISA when a claim is not arbitrated has no merit. The Seventh Circuit concluded that where a CBA allows arbitration of a CBA-provided right, an employee may still bring a state or federal law claim if that claim's resolution is *not* dependent on interpretation of the CBA. *Carlson v. CSX Transp.*, 758 F.3d 819, 833-34 (7th Cir. 2014). Shannon's claims are distinguishable from Carlson's Title VII sex discrimination and retaliation claims which were independent of the parties CBA. As set forth above, Shannon's pension claims constitute minor disputes which are dependent upon interpretation of the Plan for their resolution. The Seventh Circuit has determined that these types of claims are subject to the RLA's mandatory and exclusive procedures. *See Id.* at 832 (citing *Tice v. American Airlines, Inc.*, 288 F.3d 313, 316-17 (7th Cir. 2002) (ADEA claim precluded because it relied on a CBA

provision); *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 660-61, 664 (7th Cir. 2001) (affirming dismissal for lack of subject matter jurisdiction because resolution of ADA claim required interpretation of a CBA)).

For all these reasons, Shannon's § 1132(a)(1)(B) and (a)(3) claims are dismissed.

Count III

To state a claim under § 1132(c), a plaintiff must establish (1) that the administrator was required by ERISA to make available to the participant the information the participant requested, and (2) that the participant requested and the administrator failed or refused to provide the information requested. *Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801, 821 (N.D. Ill. 2009) (Dow, J.) (citing *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987)).

Here, Shannon asserts a claim under § 1132(c)(1) alleging that Defendants failed to provide him with the administrative record from his adverse benefit determination and the Plan's summary plan description ("SPD"). He fails to state a claim for several reasons.

The plan administrator is not required *by ERISA* to make the administrative record available and thus Shannon fails to establish a required element of his claim. He alleges that in a letter to the Appeals Committee he requested "a copy of the administrative record under Department of Labor Regulation § 2560.503-1(m)(8)." The Seventh Circuit has rejected imposing liability on plan administrators for failure to comply with 29 C.F.R 2560.503-1. *See Wilczynski v. Lumbermans Mut. Cas. Co.*, 93 F.3d 397, 406-07 (7th Cir. 1996). *Wilczynski* holds that 29 C.F.R. 2650.503-1 cannot support a claim for statutory penalties as to plan administrators. *Id.* Specifically, the court found that because § 1132(c) authorizes penalties only for an administrator's refusal to comply with a request for information required to be furnished

8

by "this subchapter," the sanctions imposed by that section may not be imposed for the violation of an agency regulation. *Id.* at 406. Thus, "no matter how pointedly 29 C.F.R. 2650.503-1 speaks to plan administrator conduct, it cannot form the basis for a statutory penalty under [§1132(c)]." *Berg v. BCS Financial Corp.*, 372 F. Supp. 2d 1080, 1092 (N.D. Ill. 2005) (St. Eve, J.) (dismissing plaintiff's claim).

Regarding the Plan SPD, while it is information that a plan administrator is required by ERISA to provide to participants, Shannon fails to establish that he requested it. The letter setting forth his request seeks a copy of "the administrative record as well as the minutes." (Compl. ¶ 55; Dkt. 17-14.) He further alleges without factual support that "by law, the Summary Plan Description must have been included within this administrative record." (*Id.* ¶ 55.) However, this allegation alone is not sufficient to establish a request to the plan administrator for an SPD. *Clark v. Hewitt Associates, LLC*, 294 F. Supp.2d 946, 952 (N.D. Ill. 2003). Accordingly, Shannon's § 1133(c) claim is dismissed.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [14] is granted and the complaint is dismissed in its entirety.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: March 30, 2015